**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROADS, LLC,

        Plaintiff,

vs.

KTVK, Inc. d/b/a AZFamily.com,

        Defendant.

Case No. _____

**JURY DEMANDED**

**COMPLAINT**

Plaintiff Roads, LLC d/b/a The Mortgage Reports LLC ("Plaintiff"), by and through its attorney, for its Complaint against KTVK, Inc. d/b/a AZFamily.com ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to recover for damages and injunctive relief caused by and to prevent further damage arising from Defendant's infringement of Plaintiff's copyrights.

2. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

**PARTIES**

3. Plaintiff is an Illinois limited liability company.

4. Plaintiff is an Internet company that owns certain well-known blog websites in the mortgage industry.

5. Plaintiff's original works of authorship on its blogs generate significant traffic to its websites, whereby consumers are encouraged to enter information for current loan rates. Each consumer that enters information on Plaintiff's websites is a valuable lead for mortgage loan services. Plaintiff is in the business of transferring lead information to loan officers and selling these customer leads to mortgage lead aggregators and mortgage loan companies.

6. Plaintiff holds the registered copyright attached as **Exhibit A** for the original work of authorship on its blog ("Registration"). Registration No. TXu 1-826-664, among others, was assigned on February 18, 2013, from Bring The Blog, LLC to The Mortgage Reports LLC (which now operates under Roads, LLC as a result of a name change).

7. Defendant is a television/radio station conducting business as AZFamily.com in the nature of publicizing articles and information via the Internet relating to, among other things, mortgage lending.

8. Defendant is a Delaware corporation with its principal place of business located at 400 South Record Street, Dallas, Texas 75202.

## JURISDICTION AND VENUE

9. The general jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367 in that the controversy arises under the Copyright Act (17 U.S.C. § 101, *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

10. This Court has personal jurisdiction over the Defendant because Defendant resides in this judicial District, does business in this judicial District through interactive websites, has engaged in a persistent course of conduct in this judicial District, relating to this claim and causes of action, and derives substantial revenue from services sold by it in this judicial District.

11. Venue is proper in this judicial District in accordance with 28 U.S.C. § 1391(b) because Plaintiff's claims arise in this judicial District, each party does business in this judicial District, witnesses and evidence are located in this judicial District, and a substantial part of the events or omissions that give rise to the claims in this complaint have occurred within this judicial District.

## FACTUAL BACKGROUND

12. Plaintiff owns the blog content attached as **Exhibit B,** which is covered by the Registration (hereinafter "TMR Blog").

13. Plaintiff registered its copyright for the TMR Blog with the United States Copyright Office and has received a certificate of registration of copyright. A copy of the pertinent portion of the content is attached hereto as **Exhibit B**.

14. Defendant is not authorized, through license or otherwise, to use any of the TMR Blog.

15. Defendant copied the TMR Blog on at least one of its websites located at http://www.azfamily.com/news/Hounsing-Help-or-Hype-144046216.html (the "Infringing Website"). A copy of Defendant's Infringing Website is attached as **Exhibit C**.

16. Like Plaintiff's websites, the Infringing Website encourages consumers to enter information for current loan rates, which generate potential leads for mortgage loan services for Defendant.

17. Defendant's Infringing Websites contains text that is identical or substantially similar to the TMR Blog.

18. Defendant's unlawful conduct has caused damage and irreparable injury to Plaintiff, and further damage and irreparable injury will result if Defendant is allowed to continue to violate Plaintiff's rights.

19. The acts of Defendant are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

20. Defendant's aforesaid wrongful acts result in Defendant's unjust enrichment.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

21. Plaintiff incorporates the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. The TMR Blog is original and is copyrightable subject matter under the laws of the United States.

23. Plaintiff complied in all respects with the Copyright Act and all other laws covering copyright and secured the exclusive rights and privileges in and to the copyright with

respect to the TMR Blog by registering it with the United States Copyright Office. *See* **Exhibit A**.

24. Defendant had access to the TMR Blog on the Internet.

25. Defendant infringed the copyright held by Plaintiff in and to the TMR Blog by copying and reproducing substantial portions of text from the TMR Blog into the Infringing Website without authorization, and distributing Defendant's Infringing Websites over the Internet.

26. Defendant's improper appropriation of Plaintiff's copyrighted material constitutes willful copyright infringement, in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

27. As a direct and proximate result of Defendant's infringement of Plaintiff's copyright in and to the TMR Blog, Plaintiff has suffered damage and irreparably injury.

28. Defendant has damaged Plaintiff in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

29. Plaintiff incorporates herein the allegations in paragraphs 1 through 28 as if set forth in full.

30. Defendant's aforesaid acts constitute unfair competition in violation of the common law of the State of Illinois, thereby entitling Plaintiff to equitable relief, as prayed for herein, and damages according to proof to the fullest extent allowed by law.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage and irreparably injury.

32. Defendant has damaged Plaintiff in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays that this Court enter the following judgment and order after a TRIAL BY JURY:

A. That Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them:

4

(1) be found liable for copyright infringement as proven at trial;

(2) be ordered to submit an accounting of all gains, sales, profits and advantages derived by Defendant from its copyright infringement;

(3) be found liable for willful copyright infringement;

(4) That for such copyright infringement, Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them be ordered to pay Plaintiff:

    a. Such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright, including, to the extent available, punitive damages in an amount to be determined and to account for and pay to Plaintiff all gains, profits and advantage derived by Defendant from its infringement of Plaintiff's copyrights, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright statute; or in the alternative;

    b. In the event that Plaintiff's actual damages, including Defendant's profits, are less than One Hundred Fifty Thousand Dollars ($150,000.00) and Defendant is found to have willfully infringed, that Plaintiff be awarded statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) pursuant to the provision of 17 U.S.C. § 504(c)(2); or in the alternative;

    c. In the event that Defendant is not found to have willfully infringed and Plaintiff's actual damages, including Defendant's profits, are less than Thirty Thousand Dollars ($30,000.00), that Plaintiff be awarded statutory

4839-3476-0724.1

damages in the amount of Thirty Thousand Dollars ($30,000.00) pursuant to the provision of 17 U.S.C. § 504(c)(1); and

(5) That pursuant to 17 U.S.C. § 502, Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them, be permanently enjoined from infringing said copyrights of Plaintiff in any manner, including from distributing copies containing Plaintiff's copyrightable works on the Internet and from marketing or otherwise disposing of any copies of any work that contains Plaintiff's copyrightable works and contributing to or participating in and furthering any infringing acts;

(6) That pursuant to 17 U.S.C. § 505, Defendant pays to Plaintiff the costs of this action and reasonable attorneys' fees to be allowed to Plaintiff by this Court;

(7) That Plaintiff be awarded prejudgment interest, post-judgment interest, attorneys' fees and costs;

(8) That Plaintiff shall have such other and further relief as this Court may deem just.

DATED: June 26, 2013

Respectfully submitted,

ROADS, LLC

By: /s/ Bryan P. Sugar
Bryan P. Sugar
UNGARETTI & HARRIS, LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
Telephone: 312.977.4400
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

ROADS, LLC

By: /s/ Bryan P. Sugar
Bryan P. Sugar
**UNGARETTI & HARRIS, LLP**
70 W. Madison Street, Suite 3500
Chicago, IL  60602
Telephone: 312.977.4400

Attorney for Plaintiff